UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| MIKE D. WATHAL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | 5:08-405-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STEVE HANEY, Warden, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court on the Motion for Reconsideration [Record No. 4] filed by Petitioner in this matter, in which he asks that the Court reconsider its Order transferring this matter to the Western District of Kentucky.

As an initial matter, the Court notes that Petitioner's argument for relief set forth in his Motion for Reconsideration appears valid as, in fact, his petition challenges the Kentucky Department of Correction's calculation, i.e., execution, of his sentence and does not challenge the sentence itself. Thus, while Local Rule 3.2 provides that 28 U.S.C. § 2254 petitions should be assigned to the jury division in which the *challenged* judgment, conviction, or order was rendered, that rule is not applicable in this instance.

Since Petitioner is housed at Northpoint Training Center in

1

Burgin, Kentucky, within the boundaries of this district, this Court would have jurisdiction over Petitioner's custodian and, thus, his Petition. *See* 28 U.S.C. 2241(d) (where application for writ is made by individual in custody under judgment and sentence of state court, application may be filed in district court for district where petition is in custody); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973) ("2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian."). There would be no readily identifiable reason to conclude that the witnesses and records related to the execution of his sentence would be more likely to be located in the Western District or to transfer the application to the Western District of Kentucky in the furtherance of justice under 28 U.S.C. § 2241(d).

A review of the docket, however, shows that the case has already been transmitted to the Western District of Kentucky and a matter opened there, Case No. 3:08-cv-577. "Once the files in a case are transferred . . . to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Chrysler Credit Corp. v. Country Chrysler, Inc*. 928 F.2d 1509, 1516-17 (10th Cir. 1991) (citing *Roofing & Sheet Metal Serv.*, 689 F.2d 982, 988-89 n. 10 (11th Cir. 1982); *In Re Nine Mile Limited*, 673 F.2d 242, 243 (8th Cir. 1982); *In re Southwestern Mobile Homes*, 317 F.2d 65, 66 (5th

2

Cir. 1963)).  Thus, this Court is without jurisdiction to provide Petitioner the relief he seeks on reconsideration.  Rather, Petitioner must seek this relief from the courts of the Western District of Kentucky by virtue of a motion to retransfer the matter to this Court.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration [Record No. 4] and his request for relief therein must be and are **DENIED WITHOUT PREJUDICE** so that he may seek it in the appropriate court.  **IT IS FURTHER ORDERED** that the Clerk forward a copy of this Order to the Clerk of the United States District Court for the Western District of Kentucky.

This the 22nd day of January, 2009.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

3