```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 08-CV-405-JMH

MIKE D. WATHAL,                                         PETITIONER,

VS:                **MEMORANDUM OPINION AND ORDER**

STEVE HANEY, et al.,                                   RESPONDENTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Wathal, an individual currently incarcerated at the Northpoint Training Center, in Burgin, Kentucky, in service of 2 concurrent state sentences, has initiated the instant proceeding,[1] pursuant to 28 U.S.C. § 2241, *pro se.*

This matter is before the Court for the screening of the Petition. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002). As Wathal is appearing *pro se,* his Petition is held to less stringent standards than those drafted by attorneys.

---

[1] Since Wathal used a partially completed Section 2254 petition form and attached copies of the State criminal judgments to it, his initial filing was docketed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Therefore, the matter was initially transferred to the United States District Court for the Western District of Kentucky, where the criminal judgments were obtained. Upon reconsideration, this Court determined that Petitioner was actually challenging the execution of his sentence, thus was a Section 2241 proceeding. As the matter had already been transferred, however, this Court decided that it had lost jurisdiction to the Western District. *Wathal v. Haney*, 2009 WL 192769 (E.D. Ky. January 22, 2009) (slip op.). The Western District has now transferred the case back. Accordingly, this Court will be the one to screen Wathal's complaint.

*Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292,295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

**CLAIMS**

Petitioner claims that the Kentucky Department of Corrections [hereinafter "KDOC"] is improperly calculating the time which he must serve on his current sentences, in violation of the U.S. Constitution's Fifth and Fourteenth Amendments and in violation of Kentucky law.

**FACTUAL ALLEGATIONS**

Wathal has presented a partially completed Section 2254 form petition, a memorandum of law, and attachments. Record No. 1. The following is a summary of his allegations in these submissions.

Petitioner reveals that in 2002, he was charged with robberies in two different Kentucky courts, and in 2003, he was convicted in both courts pursuant to his guilty pleas. He attaches copies of the Judgments. On March 24, 2003, in the Bullitt Circuit Court, *Commonwealth v. Wathal*, 02-CR-00162 and 02-CR-00169, he was sentenced for Robbery in the 1st Degree, a Class B Felony, a 10-year

2

sentence; Persistent Felony Offender, 1st Degree, which enhanced his 10-year robbery sentence to 20 years; and a concurrent 5-year sentence for Possession of a Handgun by a Convicted Felon, a Class C Felony.  Exhibit [hereinafter "Ex."] 1.

On November 18, 2003, in the Hardin Circuit Court, *Commonwealth v. Wathal*, 02-CR-00552, Petitioner was also sentenced to 20 years, for Robbery in the 1st Degree, a Class B Felony, and for Persistent Felony Offender, 2nd Degree.  The Judgment shows that he received the 20-year sentence for "First-Degree Robbery (PFO 2nd)," which was to run consecutively to other sentences, but he was later successful in having the Hardin Circuit Court amend the Judgment to provide that this sentence be served concurrently with all other sentences.  Ex. 2-3.

Upon placement in KDOC custody, Petitioner found that his sentences had been calculated to require that he serve eighty-five percent (85%) before being eligible for parole because he was considered a "violent offender," rather than serving just twenty percent (20%) to be eligible.  He sought an administrative remedy, arguing that as neither sentencing court found him to be a violent offender, he could not be treated as one.  The KDOC's position was that Wathal was a violent offender based on the fact that the convictions were for robberies and "KRS [Kentucky Revised Statute] 439.3401 requires service of eighty-five percent (85%) of the twenty (20) year sentence imposed for Robbery 1st Degree."

3

Having exhausted the administrative remedies, Petitioner went to State court for a Declaration of Rights. In *Wathal v. Harrod*, Franklin Circuit Court, Div. II, Case No. 5-CI-01726, he claimed that he should not qualify as violent offender because his convictions "failed to designate that a 'victim suffered death or serious physical injury.' On the contrary, he claim[ed] that his sentence should have been calculated under 501 KAR [Kentucky Administrative Regulation] 1:030(3)(1)(b)." Ex. 6. The Circuit Court, however, denied Petitioner the relief requested.

Kentucky's Court of Appeals affirmed. In *Wathal v. Harrod*, then identified as Case No. 2006-CA-001378-MR, now reported at 229 S.W. 3d 599 (Ky. App. 2007), the intermediate State Court of Appeals found that 501 KAR 1:030(3)(1)(b), upon which Petitioner relied, was in conflict with the statute. Therefore, the Court concluded that "it is clear that KRS 439.3401 controls, and the DOC properly calculated Wathal's sentence pursuant to KRS 439.3401(3)." Ex. 9. Petitioner alleges that he petitioned the State Supreme Court for discretionary review of this decision, but it was "Statistically Dismissed" on January 9, 2008. The docket of that Court shows that the dismissal of Wathal's petition on that date was for his failure to explain why he was not timely in submitting a brief.

Alleging that he has exhausted both his administrative and judicial remedies, Petitioner has now come to this Court.

4

**DISCUSSION**

Petitioner presents the same argument that he made in his State case, that is, that the KDOC is violating Kentucky law in its calculation of his sentence.

In addition to the Court of Appeals decision in his own case, which he claims was erroneous, Wathal cites to an another state opinion about KRS 439.3401, which was handed down by the Supreme Court of Kentucky in the interim, *Benet v. Commonwealth*, 253 S.W.3d 528 (Ky. 2008). Petitioner plucks the following quotation from that case as if it were the holding, "[W]e find that the trial court is required to designate in its judgment that a victim suffered death or other serious physical injury whenever a defendant is convicted of *any of the offenses listed in KRS 439.3401(1)*." *Id.* at fn 18 (emphasis added).

However, the *Benet* case does not stand for the proposition for which Wathal cites it. To the contrary, a reading of the case shows that Kentucky's highest appellate court actually agreed with the Court of Appeals decision in Wathal's case. On the issue of the prisoner's status as a violent offender, not the topic of duties of the trial court, the Supreme Court of Kentucky held that "a defendant automatically becomes a violent offender at the time of his or her conviction of an offense specifically enumerated in KRS 439.3401(a) regardless of whether the final judgment of conviction contains any such designation." *Benet*, 253 S.W.3d. at

5

528.  In short, the Petitioner has alleged but has not supported his claim that the calculation of his sentence violates State law.

Petitioner also purports to have added federal claims herein, *i.e.*, that the KDOC's calculation of his sentence violates the double jeopardy, due process and equal protection provisions of the U.S. Constitution.  Although Wathal makes these allegations, he has utterly failed to support them with any facts, a failure which is fatal to his cause.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as computation of time to serve, whereas 28 U.S.C. § 2254 or § 2255 relate to conviction and imposition of sentence.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  In the case *sub judice*, the Petitioner is incarcerated in a facility in the Eastern District of Kentucky and he challenges the execution of his sentence appropriately.

However, the relevant habeas statute specifically commands that relief "shall not extend to a [state] prisoner unless- . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."  28 U.S.C.A. § 2241.  Although the instant Petitioner alleges violations of the federal

Constitution, he fails to supply facts to support his due process, equal protection or *ex post facto* claims.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 127 S.Ct. at 1964-65 (citations omitted).

When a Plaintiff/Petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the Petitioner/Plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient to state a claim. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)). Moreover, "not every tort by a state official is a constitutional violation, and...the Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be

administered by the States.'" *Whaley v. County of Tuscola*, 58 F.3d 1111, 1117 (6th Cir. 1995), *cert. denied* 116 S. Ct. 476 (1995) (quoting *Paul v. Davis*, 424 U.S. 693, 700-01 (1976)).

Moreover, it must be remembered that United States District Courts are courts of limited jurisdiction. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376, *reh'g denied*, 309 U.S. 695 (1940). A court is compelled to raise the question of subject matter jurisdiction *sua sponte*. *Mansfield, Coldwater & Lake Michigan Rwy. v. Swan*, 111 U.S. 379, 382 (1882). *Sua sponte* dismissal is proper upon a district court's discovery of lack of subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Morrison v. Tomano*, 755 F.2d 515 (6th Cir. 1985).

Accordingly, the Court having found that the instant proceeding is a matter of state law and that the Petitioner has failed to state a federal claim upon which the Court may grant relief, **IT IS ORDERED** as follows:

(1) Mike D. Wathal's Petition for Writ of Habeas Corpus is **DENIED**; and

(2) this matter shall be **DISMISSED** and a contemporaneous Judgment shall be entered in favor of the Respondents.

This the 17th day of February, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge